HLD-020                                                    **NOT PRECEDENTIAL**
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2439
_____

IN RE: DAVID HENRY PINCKNEY,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3:25-cv-00163)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.

August 28, 2025
Before: CHAGARES, Chief Judge, HARDIMAN, and PORTER, Circuit Judges

(Opinion filed September 3, 2025)
_____

OPINION[*]
_____

PER CURIAM

    David Henry Pinckney filed a pro se petition for a writ of mandamus compelling

the District Court to rule on his motion for reconsideration of an order dismissing his

civil complaint without prejudice and denying his motion for summary judgment. We

will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pinckney filed a complaint pursuant to 18 U.S.C. § 1341 against "Somerset Probation" alleging unauthorized seizure of his finances through coercion and fraud. See ECF No. 1. On February 13, 2025, Pinckney filed a motion for summary judgment, again claiming Somerset Probation lacked legal authority to collect his money "using the usufruct David. H. Pinckney." See ECF No. 6 at 2. On February 27, 2025, the District Court granted Pinckney's application to proceed in forma pauperis, screened his complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismissed it without prejudice. In the same order, the District Court denied Pinckney's motion for summary judgment as moot. On March 13, 2025, Pinckney filed a motion for reconsideration. That motion has not been resolved. Pinckney filed the instant petition for writ of mandamus on July 30, 2025.

A writ of mandamus is a drastic remedy that is available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378–79 (3d Cir. 2005). Generally, mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. at 378 (quoting In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000)). Pinckney must show that he has no other adequate means to obtain relief and that he has a clear and indisputable right to the writ. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam). While district courts have discretion over docket management, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), a writ of mandamus may be

2

warranted where "undue delay is tantamount to a failure to exercise jurisdiction[.]" Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Pinckney's motion for reconsideration has been pending since March 2025. The delay presented here has not yet amounted to a failure to exercise jurisdiction. See id. We are confident that the District Court will rule on Pinckney's pending motion in a timely manner.

We will thus deny Pinckney's mandamus petition.